# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-158


ALOIS REINERS, ET AL.

VERSUS

ST. LANDRY HOSPITAL SERVICE DISTRICT
TWO d/b/a OPELOUSAS GENERAL HOSPITAL,
ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 97-C-3439-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Michael G. Sullivan, Billy H. Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Nicholas Gachassin, Jr.**
**Julie Savoy**
**Gachassin Law Firm, L.L.C.**
**P.O. Box 80369**
**Lafayette, LA 70508-0369**
**Counsel for Defendants-Appellants:**
    **St. Landry Hospital Service District Two d/b/a Opelousas General**
    **Hospital, et al.**

**Thomas R. Shelton**
**Shelton Law Firm**
**1326 West Pinhook Road, Suite 200**
**P.O. Drawer 52548**
**Lafayette, LA 70505-2548**
**Counsel for Plaintiffs-Appellees:**
       **Alois Reiners, et al.**

**PAINTER, Judge.**

Medical malpractice Plaintiffs, Alois Reiners, Lucille G. Reiners, Wayne A. Reiners, Mark A. Reiners, Karl A. Reiners, Rebecca Reiners Savoie, and Carolyn Reiners Bubrig, filed a petition to enforce settlement agreement and for penalties pursuant to La.R.S. 22:1220. The trial court granted the motion, found Defendants in bad faith, and awarded penalties in the total amount of $35,000.00 (or $5,000.00 to each Plaintiff). Defendants, St. Landry Hospital Service District Two d/b/a Opelousas General Hospital, Wendy DeVillier, R.N., and A. Biba, R.N., appeal this ruling. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit originated as an action in medical malpractice filed by Plaintiffs with respect to the treatment received by Alois Reiners at Opelousas General Hospital on or about April 15, 1995 and thereafter. Trial by jury was scheduled to begin April 21, 2003. However, on April 1, 2003, Defendants extended a written settlement offer to Plaintiffs, which specified that Medicare would be a named payee on the settlement check and that Defendants would be provided with payee information including the names of all Plaintiffs and the attorney's tax identification number. Plaintiffs responded, that same date, and accepted the offer of settlement. Additionally, Plaintiffs informed Defendants that they would be seeking excess damages from the Patients' Compensation Fund (the PCF), that Plaintiffs' attorney would determine the amount due Medicare through negotiations with Medicare, and that the firm's tax identification number and Plaintiffs' social security numbers would be provided forthwith. The trial court was notified of the settlement.

Defendants contend that seven weeks lapsed with no information from Plaintiffs. On May 20, 2003, counsel for Defendants sent a letter to Plaintiffs'

1

counsel requesting information on the status of the discussions with Medicare. Defendants contend that they received no response to this correspondence. Defendants' counsel sent another letter to counsel for Plaintiffs on August 22, 2003, enclosing draft settlement documents. Defendants contend that several additional months lapsed with no response from counsel for Plaintiffs, and, so, on March 24, 2004, counsel for Defendants contacted Medicare and learned that no request had been made by Plaintiffs or their counsel to determine the lien. This information was communicated to Plaintiffs' counsel, who in turn contacted Medicare on March 29, 2004, to request a determination of the lien amount. Defendants contend that they waited another year for some response and, receiving none, attempted to coordinate efforts with the PCF for a joint settlement. Defendants claim that they again had no response from Plaintiffs' counsel. Defendants contend that another year went by with no activity relative to the settlement, and then, on March 22, 2006, counsel for Defendants was contacted by counsel for the PCF, who related that there was no Medicare lien and that Plaintiffs had rejected the PCF's settlement offer. On April 28, 2006, draft settlement documents were again forwarded to Plaintiffs' counsel. Defendants contend that a month elapsed before any communication from Plaintiffs' counsel was forthcoming. Defendants contend that they still had not been provided with payee information.

Plaintiffs assert that by letter dated April 1, 2003, their counsel informed counsel for Defendants that designating Medicare as a payee on the settlement check would be unacceptable, since they anticipated a dispute as to which medical services rendered would be included in the lien. Plaintiffs further assert that Defendants accepted this counter-offer by stating that they were "prepared to make payments in this matter upon resolution of the Medicare lien by your office" in correspondence

2

dated May 20, 2003. Furthermore, Plaintiffs contend that once Defendants were advised that there was no Medicare lien, there was nothing to prevent Defendants from issuing the settlement check. Plaintiffs point out that 1,178 days (or three years and two months) elapsed between the time of the settlement agreement and the date Plaintiffs filed the petition to enforce the settlement.

On June 26, 2006, Plaintiffs filed a petition to enforce the settlement and sought penalties under La.R.S. 22:1220. The trial court granted the motion and awarded penalties in the total amount of $35,000.00, or $5,000.00 per Plaintiff. Defendants' motion for new trial was denied, and this appeal followed. We find no manifest error in the trial court's finding of bad faith, and, because Defendants have not specifically appealed the amount of penalties awarded, we affirm the judgment awarding a total of $35,000.00 in penalties to Plaintiffs.

## DISCUSSION

Louisiana Revised Statutes 22:1220 provides, in pertinent part, as follows:

A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

. . . .

(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

. . . .

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars,

3

whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

The determination of arbitrary and capricious behavior, or bad faith, in failing to timely pay a settlement is a factual determination which is subject to the manifest error standard of review. *Aguillard v. Crowley Garment Mfg. Co.*, 01-594 (La.App. 3 Cir. 2/27/02), 824 So.2d 347, *writs denied*, 02-1348 (La. 8/30/02), 823 So.2d 955, 02-1170 (La. 8/30/02), 823 So.2d 956. Furthermore, proof of actual damages is not a prerequisite to the recovery of penalties under La.R.S. 22:1220, and the trial court's grant of penalties is discretionary. *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 03-360 (La. 12/3/03), 860 So.2d 1112.

Defendants contend that they were not in bad faith because: (1) Plaintiffs failed to provide the necessary payee information; (2) Plaintiffs advised that they would not accept a settlement check that included Medicare as a payee; (3) it was contrary to federal law to issue a settlement check with only Plaintiffs as payees without an assurance that the Medicare lien would be, or had been, satisfied; and (4) Plaintiffs did not notify Defendants that there was no Medicare lien until three years after the settlement agreement was reduced to writing. Accordingly, they ask us to render an opinion finding that they acted in good faith in their efforts to tender the settlement.

The trial court concluded that Defendants acted in bad faith because the settlement agreement did not state or include any specific amount that may be due Medicare and because three and one-half years had elapsed with no tender of a settlement check. We find that the trial court's conclusions are supported by the record and, therefore, there is no manifest error. Furthermore, even though we may have awarded a lesser amount in penalties, we find that the trial court did not abuse its discretion in its award of penalties. *See Rogers v. Commercial Union Ins. Co.*, 01-

4

443, p. 10 (La.App. 3 Cir. 10/3/01), 796 So.2d 862, 868 (wherein this court found that we "shall" apply a $5,000.00 penalty per plaintiff when there was no proof of damages in the record for breach of the duty of good faith and fair dealing).

## DECREE

For these reasons, we find no manifest error in the trial court's finding that Defendants were arbitrary and capricious or in its award of penalties under these circumstances. Accordingly, the trial court's judgment is affirmed in its entirety. Costs of this appeal are assessed against Defendants-Appellants.

**AFFIRMED.**